Kaye, J.
(concurring). In effect a new category of discov-
erable documents — psychiatric records — has been created without any demonstration that the present rules and procedures are inadequate to protect against the perceived dangers to the patient, the hospital or to third parties. The disclosure of any records, psychiatric, medical or otherwise, may threaten interests deserving of protection. CPLR 3103 permits the court on its own initiative or on motion of any party or witness to issue a protective order denying, limiting, conditioning or regulating their production. The “novel issue” posed by the majority is thus fully accommodated within CPLR 3103, for it is clear that despite waiver of the privilege by the patient, a nonparty custodian of such records may seek a protective order to “prevent unreasonable annoyance, expense, embarrassment, disadvantage, or other prejudice to any person or the courts.” Indeed, that very process took place in the courts below under existing precedents.
Moreover, the new test articulated by the majority in application may be even less protective of the sensitive interests identified than existing law. A “strong presumption” in favor of production will arise where psychiatric records are generally material and the patient is found to have waived the privilege of confidentiality. Failure to rebut this presumption will require disclosure of the entire record to all parties, unless someone actually makes a motion for a protective order. But even if “exceptional circumstances” are shown to rebut the presumption, still the records may be subject to production, unless the harm is found to outweigh the need for the records. “Strong presumptions” and “exceptional circumstances” in the law may represent even more difficult tests for those seeking to maintain the confidentiality of records than existing standards for protective orders.
Appellant’s attempt to shield its records from disclosure was properly denied because appellant simply did not make a sufficient showing of need for protection under CPLR 3103.
Judges Jasen, Jones, Wachtler, Meyer and Simons concur with Chief Judge Cooke; Judge Meyer concurs in a *465 concurring memorandum; Judge Kaye concurs in result in a separate opinion.
Order, insofar as appealed from, affirmed, etc.